UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| STANLEY M. PIPER, | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | Civil No. 04-263-P-C |
| | ) | Criminal No. 01-04-P-C |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

### **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Stanley M. Piper has filed a 28 U.S.C. § 2255 motion challenging the December 18, 2003, revocation of his supervised release and imposition of a twenty-two-month sentence. The United States has filed a response. For the reasons that follow, I recommend that the Court deny Piper § 2255 relief.

### *Piper's Four Grounds*

Piper identifies four grounds for relief from his sentence. First he contends that his guilty plea to the supervised release violation was made without an understanding of the consequence of the plea. Specifically, he claims that he was not advised that his federal sentence could run consecutively to the sentence of his pending state charges. Two, he argues that his federal sentence was illegal because numerous (unidentified) cases hold that a United States District Court cannot run a federal sentence consecutive to a sentence to be imposed on pending state charges. Three, Piper claims he was denied effective assistance of counsel when his attorney refused to listen to him when he asserted that he had grounds to appeal the twenty-two-month sentence because it was in excess of the six to twelve month <u>advisory</u> guideline range. And, four, he claims that he

was denied his right to appeal when his attorney would not file an appeal although Piper requested that he do so before they left the courtroom after sentencing.

In an affidavit Piper affirms under penalty of perjury that he asked his attorney to appeal the sentence because it was outside his guideline range and that he was not advised that his federal sentence could run consecutively vis-à-vis the sentence on the pending state charges.  He claims that his attorney assured him that by pleading guilty he would be home by Christmas 2004.  (Currently Piper appears to be slated for a July 11, 2005, release.)

Piper has also filed a copy of a February 8, 2005, amended judgment on the state conviction indicating that the seventy-day sentence is to run concurrently with his federal sentence.

## *Discussion*

It is now clear that Piper's state sentence <u>did</u> run concurrently with his federal sentence and that Piper has already served his state sentence.  Accordingly, there is no § 2255 relief to provide Piper with respect to his first and second ground.   Any discussion of the legal merits of his out-of-guidelines range argument would be gratuitous in light of the discussion below regarding the ineffective assistance claim vis-à-vis the length of his sentence.

With regards to Piper's ineffective assistance of counsel claims, the only § 2255 relief in the offing if his right of appeal got reinstated would be a resentencing.[1]   The revocation court had the authority to sentence Piper to a term of imprisonment of up to two years.  See 18 U.S.C. § 3583 (e)(3).  The transcript of this Court's sentencing

---

[1]  Piper does not in anyway argue that his plea was infirm vis-à-vis the admission of guilt to the violation of the special condition.

demonstrates that Piper's case is not one in which the sentencing judge would entertain a more lenient sentence. For instance, the Court explained at sentencing:

> Let me state, for your benefit and for the record, that the reason for that is apparent from my discussions with the officer and from this report that this defendant has in this particular case while on supervised release gone right out and apparently deliberately committed a violation of the law. In his, his prior state sentence, he has done exactly the same thing. The officer is convinced, and it appears to me to be a reasonable conclusion from the material before me, that he has no intention of obeying the constraints placed upon him by this or any other court. In view of that, and in view of the fact that the government is taking the position that he should be subject to a further term of supervised release, and in view of the fact that I am reluctant to impose the burden of supervising a defendant with that frame of mind, and reference towards his obligations under supervised release upon my office, it seems to me that it's appropriate to consider a more serious imprisonment sentence without any term of supervised release, as is urged by the government, and let that be the message to him that this is serious business. And he is not forever going to be entitled to flout the direct orders of the courts that imposes sentence upon him.
> ....
>
> I conclude that this defendant's conduct in this case and in other cases in his history indicates very clearly that he is not amenable to any of the rehabilitative influences that can be brought to bear considered in a practicable way by a supervising officer in the future in this case. I view him as being dedicated to doing whatever he wants or feels necessary in order to serve his interest, whether it is illegal or not, and I see no hope that he is going to be reconstructive by an additional term of supervised release.

(Sentencing Tr. at 15, 25, Criminal No. 01-04 Docket No. 68; see also id. at 3-6, 14, 16-22.)

If an appeal of the revocation were allowed because of some perceived deficiency in counsel's performance in failing to take the timely appeal allegedly[2] requested by

---

[2] It is worth noting that Piper never raised this claim regarding an instruction to his attorney about an appeal until almost one year after he was sentenced on the revocation. Clearly Piper was told of his right of appeal on the day of his sentencing. (Sentencing Tr. at 26). It was only when he 'learned' at the federal penitentiary that there might be an issue about a concurrent/consecutive state court sentence that he chose to raise this issue about an appeal of his revocation sentence.

defendant and the matter were remanded for resentencing based upon some as yet unidentified theory of error, I cannot foresee how the court would impose any lesser sentence than the one originally imposed. Therefore, I do not believe that Piper can meet the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984).

*Conclusion*

For these reasons I recommend that the Court **DENY** Stanley M. Piper's 28 U.S.C. § 2255 motion.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated March 29, 2005